UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| REBEKAH CARUTHERS,<br>　　　　　　Plaintiff,<br>　　vs.<br><br>PORTFOLIO RECOVERY ASSOCS., LLC.,<br>　　　　　　Defendants. | Case No.<br><br>Judge _____<br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff REBEKAH CARUTHERS, through her counsel respectfully prays for Judgment of this Honorable Court against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. ("PRA") for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff alleges, on information and belief and based on investigation of her counsel, as follows.

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331, because the matter in dispute involves federal laws arising under the FDCPA, 15 U.S.C. § 1692(k).

2.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is subject to personal jurisdiction and thus deemed to reside in this district under 12 U.S.C. § 1391(c) and a substantial cause of action occurred within this district.

### PARTIES

3.      Plaintiff is a natural person and a consumer who resides in this district.

4.      On information and belief, Defendant Portfolio Recovery Associates, LLC. ("PRA") is a Delaware limited liability company. PRA is a debt collector within the meaning of

15 U.S.C. § 1692a(6).

## FACTS COMMON TO ALL COUNTS

5.      The purported debt that the Defendant attempted to collect from Plaintiff is a consumer debt because the debt allegedly incurred on a Dillards store credit card was for personal, household, or family purpose.

6.      On information or belief, Defendant PRA obtained or purchased the alleged debt from G.E. Money Bank.

7.      At all relevant times, Plaintiff has had the same mobile telephone number ending in 5007.

8.      At all relevant times, PRA was aware of Plaintiff's mobile telephone number and made numerous dunning calls to Plaintiff at this number.

9.      On or about June 30, 2010, PRA called Plaintiff on her mobile telephone number.

10.      During this and subsequent telephone conversations, Plaintiff requested verification of the debt and an explanation of the balance claimed due with the goal of satisfying any legitimate debts.  However, PRA refused to provide any proof that it was the owner of the allged debt and failed to account for the amount it claimed was due on the alleged debt.

11.      On or about September 23, 2011, PRA filed a state court complaint against Caruthers on the alleged debt in the Small Claims and Conciliation Branch of the District of Columbia Superior Court, case number 2011 SC 3 6907 ("Small Claims Suit").

12.      On or about October 3, 2011, Caruthers was served with process in the Small Claims Suit.

13.      On or about October 19, 2011, Caruthers attended the initial hearing of the Small Claims suit and participated in mediation with PRA.

14.     On or about October 17, 2011, PRA placed a telephone call regarding the allged debt to a telephone number ending in 7059 ("Third Party number").  PRA placed subsequent telephone calls to Third Party number on October 18, October 19.

15.     On or about October 20, 2011, PRA called the Third Party number again and reached a third party, Plaintiff's father, at or about 9:34 AM EST.

16.     The third party informed PRA that the Plaintiff did not reside in that household and could not be reached at that telephone number.

17.     During the course of the October 20 conversation, PRA informed the third party that Plaintiff owed a debt and disclosed information to the third party regarding the debt.

18.     PRA placed a subsequent telephone call to the Third Party number on October 20, 2011 at or about 2:49 PM EST and left a voice message regarding the debt.

## COUNT I—FDCPA Violation

## (15 U.S.C. § 1692b)

19.     Plaintiff re-states, re-alleges, and incorporates by reference all prior paragraphs in this paragraph.

20.     Section 1692b of the FDCPA provides that a debt collector may only contact third parties for the limited purpose of obtaining location information and may not disclose that the consumer owes a debt.

21.     Defendant PRA made multiple phone calls to a third party to attempt to collect a debt from the Plaintiff and not for the purpose of obtaining location information.

22.     Defendant PRA contacted a third party and disclosed information regarding the debt to the third party for the purpose of collecting the debt in violation of in violation of 15 U.S.C. § 1692b.

WHEREFORE, Plaintiff REBEKAH CARUTHERS respectfully prays this Court for a judgment against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC for the following relief:

A.      Statutory and actual damages under 15 U.S.C. 1692k;

B.      Reimbursement of Plaintiff's attorney's fees and cost; and

C.      Any other and further relief this Court deems just and proper.

## COUNT II—COMMUNICATING WITH THIRD PARTIES

### (15 U.S.C. § 1692c)

23.      Plaintiff re-states, re-alleges, and incorporates by reference paragraph 1 through 11 in this paragraph.

24.      Section 1692c governs communications in connection with debt collection and provides a non-exclusive list of practices deemed to be unlawful under the Act. Specifically, section 1692c(b) prohibits communications with third parties in connection with the collection of any debt except in limited circumstances.

25.      PRA's communciated with a third party in conneciton with the collection of the debt on multiple occassions.

26.      At the time of the third party communcations, PRA was in possession of Plaintiff's current address, mobile phone number, and Plaintiff had been served with process and appeared in a lawsuit regarding the alleged debt.

27.      PRA's communications with the third party were not reasonably necessary to obtain location information.

28.      Plaintiff did not consent to PRA's communications with the third party.

29.      Defendant PRA violated § 1692c(b) in that it communicated with a  third party in

connection with the collection of the alleged debt. .

WHEREFORE, Plaintiff REBEKAH CARUTHERS respectfully prays this Court for a judgment against PORTFOLIO RECOVERY ASSOCIATES, LLC for the following relief:

A.      Statutory and actual damages under 15 U.S.C. 1692k;

B.      Reimbursement of Plaintiff's attorney's fees and cost; and

C.      Any other and further relief this Court deems just and proper.

Dated: 10/18/2012                                          Respectfully Submitted,


                                                           By: __/s/ Reid D. Henderson____
                                                                By and through her Attorney


***Counsel for Plaintiff:***

          Reid Henderson (DC Bar #497514)
          RDH Law, P.C.
          1425 K St NW #350
          Washington, DC 20005
          reid@rdhlawpc.com